IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RIDGLEY SKIDMORE<br>320 Madison Rd.<br>Willow Grove, PA 19090<br><br>    Plaintiff,<br><br>v.<br><br>SIGNATURE SYSTEMS, INC.<br>760 Veterans Circle<br>Warminster, PA 18974<br><br>    Defendant. | CIVIL ACTION<br><br>No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, Ridgley Skidmore, by and through his undersigned counsel, hereby aver as follows:

### I. INTRODUCTION

1. This action has been initiated by Ridgley Skidmore (*hereinafter* "Plaintiff Skidmore") for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and the Pennsylvania Minimum Wage Act ("PMWA"). Plaintiff asserts herein that he was not paid overtime compensation in accordance with the FLSA and PMWA. As a direct consequence of Defendant's actions, Plaintiff seeks damages as set forth herein.

### II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the above caption.

7. Defendant Signature Systems, Inc. (*hereinafter* referred to as "Defendant") is a Pennsylvania-based, domestic profit company. Defendant is a privately held company generating in excess of $9,000,000.00 in gross revenues per year.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

### IV. FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was hired by Defendant on or about September 25, 2017; and in total, was employed with Defendant for approximately one (1) year and eight (8) months.

11. Plaintiff was still employed with Defendant as an Installation Technician at the time of his separation on May 29, 2019.

12. At all relevant times herein, Defendant, by and through its highest levels of management, has knowingly refused to pay its employees overtime compensation with direct knowledge that such refusal and/or failure is unlawful. Instead, Defendant ostensibly determined over the course of several years that it is more profitable to pay its employees illegally despite periodic lawsuits for overtime violations.

13. The federal (Eastern District of Pennsylvania) court docket alone, available to the general public, shows Defendant has been sued on at least 4 prior occasions for overtime violations in the same and/or similar roles in which Plaintiff worked. *See e.g. Patricelli v. Signature Systems, et. al.*, Docket No.: 13-01571; *Grahn v. Signature Systems, et. al.*, Docket No. 13-05629; *Banz v. Signature Systems et. al.*, Docket No. 13-06436; *Brian Bartos v. Signature Systems, Inc., et al.*, Docket No.: 18-2086.

14. Plaintiff was hired at a starting salary of about $30,000 per annum. By the end of Plaintiff's approximate 1.5 year period of employment, his annual salary was approximately $33,000.00 per annum.

15. Plaintiff Skidmore also received some commissions which added typically a few thousand dollars to his annualized income (making his salary more in the range of $35,000.00-38,000.00 per).[1]

16. In almost every week Plaintiff was employed with Defendant, he exceeded 40 hours per workweek. In fact, Plaintiff often averaged 50-80+ hour work-weeks for Defendant.

---

[1] For the purposes of calculating overtime, such commissions *are to be included* in the overtime rate. FLSA regulations are very clear that incentive plans, commissions, or non-discretionary bonuses *must* be included within the overtime calculations. *See* 29 C.F.R. § 778.200, 29 C.F.R. § 778.208 and 29 C.F.R. § 778.117.

3

17. Plaintiff was never compensated for any overtime while employed with Defendant. Plaintiff was also never given any form of additional compensation when he worked beyond 40 hours per workweek.

18. The position of Installation Technician has and remains an entry-level job and requires no experience or degree.

19. Defendant operates as a company that sells, installs and provides support for software, hardware and other electronics that are used in the hospitality industry. More specifically, Defendant helps third-party businesses establish, train on, and use what are often referred to as point-of-sale ("POS") tools and equipment. These types of computer devices for example would be what a customer would expect to see a cashier at a fast-food restaurant entering their orders into that would be thereafter disseminated to the kitchen (and used for sales transactions).

20. As an Installation Technician, Plaintiff generally traveled all over the United States as requested to different third-party sites, usually restaurant chains, and provide general on-site training, troubleshooting, and resolution to system errors.

21. When meeting with third-party businesses, Plaintiff was able to perform general system demonstrations, to provide general training, and to help resolve general questions. However, for any in-depth or complex computer problem with the POS system, Plaintiff served as a calming in-person buffer to illustrate Defendant's overall level of intended support while Plaintiff himself was walked through different repairs or solutions by programmers, engineers or other high-level computer personnel working within Defendant's in-office support unit.

22. When not providing general on-site training, troubleshooting, and resolution to system errors to various third-party sites, Defendant required Plaintiff to physically work on the

Defendant's premises providing help-desk support (via phone or otherwise) to third-parties with questions, training needs, or other issues.

23. Upon information and belief, Defendant's employees who perform help-desk support on a full-time basis are paid hourly and receive overtime pay for all hours worked over 40 hours in one week; however, Plaintiff was not paid hourly or overtime for work spent performing help-desk support.

24. Upon information and belief, Defendant has also previously documented in writing and made verbal representations that the sole reason Installations Technicians were not paid overtime compensation was because Defendant classified them as a computer professionals.

25. Defendant has knowingly and falsely asserted that Installations Technicians were exempt under the FLSA because:

    (a) The computer professional exemption under the FLSA is embodied in 29 U.S.C. § 213(a)(17).

    (b) The 213(a)(17) exemption applies ***only to*** computer professionals who: (a) are for example engineers or programmers; and (b) have the "primary duty" of for example "programming," "design," creation of software testing specifications, and/or who alter computer operating systems. Plaintiffs did not work in these capacities.

    (c) 29 C.F.R. 541.3 outlines the required application of exemptions under 29 U.S.C. § 213(a) and explains that the professional exemption such as 213(a)(17) **does not** apply to any job where any employee learns duties through experience or on the job because the exemption requires "specialized intellectual instruction" through education in a specific field as a prerequisite to being able to perform the job (giving many examples of professions such as electricians who are not exempt because they learn on the job how to perform their role(s)).[2]

---

[2] *See e.g. Bagwell v. Fla. Broadband, LLC*, 385 F. Supp. 2d 1316, 1328 (S.D. Fla. 2005)("Employees who qualify for the computer professional exemption are highly-skilled in computer systems analysis, programming, or related work in software functions" . . . [and] "before a particular position can qualify as one which climbs to the level of the professional exemption of section 213(a), the duties of that position **must call for a person who is in a learned profession with at least a college degree in a specialized type of learning**.")(Emphasis added).

5

(d) People working for employers performing general information technology services, computer maintenance, or other help-desk work are not exempt under the FLSA.[3]

26. Furthermore, the "computer professionals" exemption (outlined above under the FLSA) does not exist under state law; therefore, Defendant has conceded liability under the PMWA by stating the sole reason Installation Technicians are not paid overtime is because they are considered "computer professionals."[4]

27. Defendant has known for many years that there is no computer exemption from overtime compensation for employees under the PMWA but continued to intentionally mislead employees that they are somehow exempt from overtime.

28. Defendant's knowing violations of state and federal laws are evidenced by: (a) past litigation; (b) attempts to mislead employees with a completely false exemption that does not even apply under state law; and (c) by Defendant's intentional failure to maintain any time-

---

[3] *See e.g. Siegel v. Bloomberg L.P.*, 2015 WL 223781, at *1 (S.D.N.Y. 2015)(granting summary judgment to IT employees providing computer support as they are non-exempt under the FLSA); *Monroe v. FTS USA, LLC*, 763 F. Supp. 2d 979, 982 (W.D. Tenn. 2011)(Neither party asserting that "Installation Technicians" can possibly be exempt under the FLSA and court ordering trial on damages only); *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 576 (6th Cir. 2004)(requiring district court to grant summary judgment in favor of plaintiffs who were computer technicians and IT Support Specialists providing troubleshooting and doing computer maintenance because these duties are not exempt under the FLSA); *Berg v. United States*, 49 Fed. Cl. 459 (Fed. Cl. 2001)(electronics technicians who repair computer equipment are not exempt from overtime under the FLSA); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307 (D.N.J. 2006)(Collective action settlement on behalf of technicians working for Sears approved); *Pignataro v. Port Auth.*, 2006 U.S. Dist. LEXIS 5447 (D.N.J. 2006)(holding well-trained helicopter technicians are not exempt from the FLSA, granting summary judgment in favor of Plaintiff); *Davis v. Footbridge Eng'g Servs., LLC*, 2011 U.S. Dist. LEXIS 93645 (D. Mass. 2011)(employees performing technology services were not exempt under FLSA as they didn't meet computer exemption and thus Court approved class settlement); Richards v. Computer Scis. Corp., 2004 U.S. Dist. LEXIS 19638 (D. Conn. 2004)(certifying class action for help desk analysts as they are not exempt under FLSA).

[4] *See e.g.* Pennsylvania Department of Labor Guidance, at http://www.dli.pa.gov/Individuals/Labor-Management-Relations/llc/minimum -wage/Pages/Overtime-Rules-in-Pennsylvania.aspx (explaining distinctions between the FLSA and PMWA: "For example, the Federal rules do not require overtime for computer employees. However, Pennsylvania law currently requires overtime for computer employees.").

6

keeping records, punch-in or punch-out logs, or other data on minutes or hours worked by employees such as Plaintiff.[5]

29. Based on the foregoing, Plaintiff believes and therefore avers that he is owed significant overtime compensation.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Overtime Violations)

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. At all times relevant herein, Defendant is, and continues to be, an "employer" within the meaning of the FLSA.

32. At all times relevant herein, Plaintiff was an "employee" within the meaning of the FLSA.

33. The FLSA requires covered employers, such as Defendant, to minimally compensate its "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

34. At all times during their employment with Defendant, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

35. Defendant failed to pay Plaintiff 1.5 times Plaintiff's regular rates of pay for each hour he worked over 40 each workweek.

---

[5] The failure of an employer to abide by mandatory record-keeping of hours worked by an employee violates 29 U.S.C. § 211(c). As a result, an employer's estimates of hours typically worked may be accepted. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004)

7

36. As a result of Defendant's failure to pay Plaintiff the overtime compensation due to him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Compensation)

37. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

38. Defendant's failure to pay overtime in the aforesaid manner(s) also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting overtime violations;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation for a period of three years;

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

8

F.     Plaintiff is permitted to have a trial by jury.

                              Respectfully submitted,

                              **KARPF, KARPF & CERUTTI, P.C.**

                              _____
                              Ari R. Karpf, Esquire
                              3331 Street Road
                              Building 2, Suite 128
                              Bensalem, PA 19020
                              (215) 639-0801

Dated: June 13, 2019

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Ridgley Skidmore | : | CIVIL ACTION |
| v. | : | |
| Signature Systems, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 6/13/2019 | [signature] | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 320 Madison Road, Willow Grove, PA 19090

Address of Defendant: 760 Veterans Circle, Warminster, PA 18974

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 6/13/2019   *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538
   *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 6/13/2019   *Attorney-at-Law / Pro Se Plaintiff*   ARK2484 / 91538
   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SKIDMORE, RIDGLEY

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
SIGNATURE SYSTEMS, INC.

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 791 Employee Retirement Income Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA and the Pennsylvania Minimum Wage Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ ___
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ___ DOCKET NUMBER ___

DATE 6/13/2019
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ___ AMOUNT ___ APPLYING IFP ___ JUDGE ___ MAG. JUDGE ___

[Print] [Save As...] [Reset]